# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GLENN TOMBLIN,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1210** (BOR Appeal No. 2047138)
                    (Claim No. 2010126344)

**PATRIOT COAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Glenn Tomblin, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Patriot Coal Corporation, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 17, 2012, in which the Board affirmed a March 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 3, 2011, decision closing the claim for temporary total disability benefits. It also affirmed the claims administrator's March 30, 2011, decision denying authorization for a neurosurgical referral and an April 4, 2011, decision denying authorization for an additional twelve physical therapy sessions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Tomblin worked as a truck driver for Patriot Coal Corporation when he fell while getting off a bus on March 1, 2010. The claim was held compensable for right shoulder strain. Mr. Tomblin is now requesting additional temporary total disability benefits, a neurosurgical referral, and additional twelve physical therapy sessions. The claims administrator closed the

1

claim for temporary total disability benefits, denied a neurosurgical referral, and denied the additional physical therapy sessions.

The Office of Judges affirmed the claims administrator's three separate decisions and closed the claim for temporary total disability benefits because Mr. Tomblin has reached maximum medical improvement. It further held that the neurosurgical consultation for Mr. Tomblin's lumbar spine and the additional twelve sessions of physical therapy are not medically related and reasonably necessary to treat the subject injury. On appeal, Mr. Tomblin disagrees and asserts that the Office of Judges incorrectly relied on the findings of Prasadarao B. Mukkmala, M.D., that he was at maximum medical improvement because he has not been released to return to work or from the care of his treating physician. Mr. Tomblin further asserts that the neurosurgical consult should be authorized for his back condition that is related to the work injury because he fell squarely on his back and that the physical therapy sessions should be authorized so he can recover use and function of his right shoulder. Patriot Coal Corporation maintains that Mr. Tomblin has not shown the claims administrator erred in its decisions and that both Dr. Mukkamala and Jack R. Steel, M.D., found Mr. Tomblin had reached maximum medical improvement in December of 2010 and February of 2011 for the right shoulder injury. It further maintains that Mr. Tomblin has not proved a neurosurgical consult for the low back and the additional physical therapy sessions are reasonable and necessary in this claim for a right shoulder injury.

On the temporary total disability benefits issue, the Office of Judges concluded that the claims administrator's holding was correct. The claims administrator closed the claim based on there being no medical evidence that proved Mr. Tomblin was taken back off work due to the work-related injury. However, the Office of Judges found the claims administrator's reasoning was inaccurate because Mr. Tomblin had not returned to work since June 23, 2010. The Office of Judges concluded that Mr. Tomblin was found to be at maximum medical improvement for his right shoulder injury based on Dr. Mukkamala's December 21, 2010, independent medical evaluation and that this should have been the basis of the claims administrator's decision. The Office of Judges noted that, twelve days after the claims administrator's decision, Dr. Steel, Mr. Tomblin's treating physician, found Mr. Tomblin was probably at maximum medical improvement for his right shoulder. Since Mr. Tomblin's right shoulder was the only compensable component, the Office of Judges concluded that the claims administrator did not err in closing the claim for temporary total disability benefits.

On January 12, 2011, Dr. Steel requested a neurosurgical consult for evaluation of Mr. Tomblin's lumbar disc syndrome and indicated that Mr. Tomblin had persistent radicular pain in the right leg with mechanical low back pain. However, the right shoulder is the only compensable component in this claim. Dr. Mukkamala reviewed the December 13, 2010, lumbar MRI, and on February 4, 2011, he found no indication for a neurosurgical referral. Therefore, the Office of Judges concluded that a neurosurgical evaluation cannot be found to be medically related or reasonably necessary for treatment of the subject injury.

The additional physical therapy sessions were requested by Derek Dalton, D.P.T, on January 25, 2011, and on February 15, 2011, Dr. Steel concluded that Mr. Tomblin had probably

2

reached maximum medical improvement. Between January 25, 2011, and February 15, 2011, Mr. Tomblin underwent a functional capacity evaluation and Dr. Steel requested authorization of work conditioning and work hardening. Mr. Tomblin participated in the rehabilitation plan and received temporary total disability benefits on a rehabilitation basis. Therefore, the Office of Judges concluded that the treatment was medically related to the work injury but not reasonably necessary because soon after the request for physical therapy, Mr. Tomblin was deemed ready to participate in work conditioning and hardening, which he completed.

The Board of Review affirmed the Order of the Office of Judges. Mr. Tomblin was found to be at maximum medical improvement by two physicians, including his treating physician, and participated in a work condition and hardening program. Mr. Tomblin failed to prove that he is entitled to the requested medical treatment and additional temporary total disability benefits. This Court agrees with the reasoning and conclusions of the Office of Judges and the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II